United States District Court
Southern District of Texas
**ENTERED**
August 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YOGESH CHANDABEN DABHI, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-06113 |
| | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, | § | |
| Respondents. | § | |

**ORDER**

Petitioner Yogesh Chandaben Dabhi filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 29, 2026. Dkt 1. He contends that his present detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. See id at ¶¶56–80.

Petitioner states that he was admitted into the United States as a lawful permanent resident at a prior date. Id at ¶27; see also Dkt 1-1 at 2 (lawful permanent resident card). He alleges that he left the country and, upon returning, was detained as an arriving alien. Dkt 1 at ¶30; see also Dkt 1-1 at 4 (notice to appear). And he notes that an immigration judge has subsequently denied his application for release on bond on the grounds that he is an arriving alien. Dkt 1 at ¶48; see also Dkt 1-1 at 9 (order).

The Government filed a motion for summary judgment regarding the propriety of Petitioner's continued detention. Dkt 8. They state, "DHS has not yet even had an opportunity to prove the charge of inadmissibility in immigration court because Petitioner requested a continuance at his last hearing." Id at 3 n2.

Petitioner on reply suggests that this alone "is fatal to the motion," as it proceeds under Rule 56, while additionally contending, "An unproven charge is not an undisputed fact." Dkt 9 at 10. Left unaddressed is the fact that the "unproven charge" appears to be related to counts of conviction by way of final judgment that in aggregate total five years or more of sentenced time. See Dkt 8 at 3 (citing petition and its exhibits). Nor does Petitioner indicate what discovery or schedule is necessary to resolve any dispute of material fact. Likewise, no information is offered as to when the continued hearing before the immigration court will take place.

Petitioner is ORDERED to make a further filing by August 28th that specifies any discovery requested, along with specification of the rescheduled date for the pending hearing and any status report in that regard.

Respondents may make a further filing by September 4th to address Petitioner's argument that the continuance creates a fact issue as to the applicability of 8 USC §1182(a)(2)(B) to the Petitioner.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on August 21, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge