United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YOGESH CHANDABEN DABHI, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-06113 |
| | § | |
| | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| versus | § | |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Yogesh Chandaben Dabhi filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 29, 2026. Dkt 1. He alleges that he is a lawful permanent resident of the United States. Id at ¶1. He states in this respect that he was admitted into the United States as a lawful permanent resident at a prior date. Id at ¶27; see also Dkt 1-1 at 2 (lawful permanent resident card). He alleges that he left the country and was then detained as an arriving alien upon return. Dkt 1 at ¶30; see Dkt 1-1 at 4–7 (notice to appear). He asserts that his current detention violates (i) the Due Process Clause of the Fifth Amendment, and (ii) the Administrative Procedure Act. See Dkt 1 at ¶¶56–80.

The petition was unclear as to the statutory basis for Petitioner's detention. The Government was thus ordered to show cause with a filing establishing the propriety of his continued detention. Dkt 4 at 2.

Pending is a motion by the Government for summary judgment. Dkt 8. It attaches two judgments of conviction under which Petitioner received aggregate sentences totaling seven years of confinement. Dkts 8-1 & 8-2. This means, it says, that detention under 8 USC §1225(b)(2)(A)

is lawful because Petitioner has been convicted of two or more offenses for which the aggregate sentences to confinement were five years. Dkt 8 at 3, citing 8 USC §1182(a)(2)(B). The Government asserts that such convictions render Petitioner an alien seeking admission into the United States, even though he was previously admitted lawfully as a permanent resident. Id at 2 n 2 citing 8 USC §1101(13)(C)(v). It also argues that detention under §1225(b)(2)(A) is mandatory and doesn't violate due process. Id at 2–3, 7–15.

Petitioner on reply originally maintained that his detention violates due process and that he may not be detained under §1225(b)(2)(A) unless DHS proves before an immigration court one of the six conditions under §1101(a)(13)(C). See Dkt 9 at 8–17. Further order thus required him to make a filing specifying the status and any rescheduled date of a pending hearing in his immigration proceedings, to which the Government could further reply. Dkt 10 at 2.

The Government then filed a notice on August 22nd stating that Petitioner conceded before the Conroe Immigration Court that the factual allegations contained in his notice to appear are true, and that he is inadmissible under §1182(a)(2)(B). Dkt 11 at 1; see also Dkt 12 at 1:20–1:37 (digital audio recording of proceedings). On August 27th, Petitioner filed a further response that confirms the concessions and withdraws arguments contesting applicability of §1225(b)(2)(A). Dkt 13 at 2.

The concessions as to the current procedural posture leave only limited aspects of Petitioner's claims with respect to due process and the APA.

*As to the due process claims,* the Fifth Circuit issued a controlling decision on February 6, 2026, with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under

§1225(b)(2)(A). See id at 502–08. Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context. See also *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (resolving issue in like kind).

The Fifth Circuit then issued a separate decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727–28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 181 F4th 608, 609 (5th Cir 2026). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned rejected similar claims in *Penafiel Clavijo v Thompson,* 2026 WL 923310 (SD Tex), holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A). Beyond this, the pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention. See *Herrera Estrada v Thompson*, 2026 WL 2000097 (SD Tex); see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

*As to the APA claim,* Petitioner alleges that Respondents have engaged in arbitrary and capricious

agency action. Dkt 1 at ¶¶76–80. He fails to specifically identify any challenged conduct, appearing at best to contend that there was a failure to confirm his parole request. See id at ¶79. To the extent that this is even properly pleaded, any such claims are foreclosed by 5 USC §704 because an adequate remedy in a court is available via *habeas corpus*. See *Garcia Tabon v Dickey*. 4:25-cv-06145 (SD Tex, Jan 22, 2026); see also *Garibay-Robledo v Noem*, 814 F Supp 3d 747, 760 (ND Tex 2026, Hendrix, J) (dismissing APA claim because request for *habeas* relief is adequate remedy outside of APA).

As such, the petition will be dismissed with prejudice on the basis presently submitted.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Yogesh Chandaben Dabhi is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on August 31, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge